UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

**DONALD BURGO**  **CIVIL ACTION NO. 09-1225-LC**

**VS.** **SECTION "P"**

**HOUMA-THIBODAUX DIOCESE** **JUDGE TRIMBLE**
**OFFICIAL CHURCH OFFICE** **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a civil rights (42 U.S.C.§1983) complaint filed *in forma pauperis* by pro se plaintiff, Donald Burgo, on July 20, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. He names the Houma-Thibodaux Diocese as his defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**STATEMENT OF THE CASE**

The claims made the basis of plaintiff's suit encompass a period of time beginning on June 26, 2006 and continuing to the present time. More specifically, he states that he has been personally attacked by 3rd-Order of Angels called Principals. These aliens grabbed his heart, cut off blood flow to his brain and he lost consciousness. Plaintiff continues, at length, to describe acts that these aliens committed upon his body (ie. stealing hormones, blood, DNA, spinal fluid, etc.)

As a result of the above actions, plaintiff seeks compensation in the sum of $1,000,000,000.00. He asks the court to issue an injunction against "churches solicitation of blind faith as false prophecy, and specifically public warning signs, audio-notifications to make people

aware of the previous described acts committed, within this claim as mandatory postings upon the very buildings entrance which solicit this type parasitical interface with the Nine-Orders of Angels. (With respect to dignity, this means specifically identification of angel motive of thieving potential and vice, not necessitating vulgarity of their actions as they are lude)." [Doc.1 ¶ V]. Plaintiff also requests "medical diagnostic procedures to evaluate extent of damages done to testes, sperm and semen analysis, any and all necessary surgery procedures for repair provided for by defendant(s)." [Doc.1 ¶ V]. [1]

## LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1915, *in forma pauperis* status was afforded plaintiff by an order of this court dated August 31, 2009 [Doc. #5]. That section imposes a screening responsibility on the district court and requires the court to dismiss the complaint without service of process at any time when the Court makes a determination that the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B) reads in pertinent part as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner in forma pauperis cases. See *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under

---

[1] Plaintiff's introductory allegations are clearly fanciful and delusional. He does not present either cognizable claims or a logical set of facts to support any claim for relief. Instead, his complaint recites absurd charges which are fanciful and delusional in nature.

§ 1915(e)(2)(B)(i) and (ii)).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); see also *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir.1995). A private entity, such as a church, it is not clothed with the authority of law to act on behalf of the state, and as such, it is not subject to suit under § 1983. See *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir.) (private person/company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights), cert. denied, --- U.S. ----. 543 U.S. 829, 125 S.Ct. 153, 160 L.Ed.2d 44 (2004). Thus, plaintiff cannot maintain his claims against the Diocese of Houma-Thibodaux as there is no violation of a federal right by an entity clothed with state authority.  Therefore, it is respectfully recommended that plaintiff's claims against the Diocese of Houma-Thibodaux be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[2]

---

[2] In any event, the majority of plaintiff's claims would barred by the applicable statute of limitations. "Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993).  The applicable statute of limitation in a § 1983 action is the forum state's

Plaintiff has also requested court-appointed counsel to assist him in this litigation. However, Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.

In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United

---

personal injury limitations period. *Jacobsen v.Osborne*, 133 F.3d 315, 319 (5th Cir.1998). Therefore, the court applies LSA Civil Code article 3492, which carries a limitations period of one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when plaintiff "...becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987).
      In this case, absent interruption or tolling of the period of limitations (which does not appear applicable in this matter), plaintiff's causes of action with respect to his specific claims accrued in June 2006 through the present time. Plaintiff's complaint was filed on July 20, 2009, some one, two or three years after the date of the alleged cause of action in this matter. Therefore, all of his civil rights claims based upon events which occurred prior to July 20, 2008, are clearly untimely and are barred by the statute of limitations and, therefore, are frivolous as a matter of law.

States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors:  the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

In his civil rights complaint plaintiff has presented the contours of his complaint and therefore the appointment of counsel would benefit neither plaintiff nor the court at this time. Accordingly, plaintiff's request for appointment of counsel should be denied at the present time.

Further, the plaintiff names three other individuals as plaintiffs herein.  At least one, Diamond Burgo, being his daughter.  The undersigned notes that while the plaintiff has a right to proceed *pro se* with his civil rights action according to 28 U.S.C.§ 1654[3], as a non-attorney he is not permitted to represent the interests of his children or other parties. See *Wenger v. Canastota Central School District*, 146 F.3d 123 (2nd Cir. 1998) *cert. denied,* 526 U.S. 1025, 143 L.Ed. 2d 363, 119 S.Ct.n 1267 (1999); *Devine v. Indian River County School Board*, 121 F.3d 576 (11th Cir. 1997), *cert.denied*, 522 U.S. 1110, 140 L.Ed. 2d 106, 118 C.Ct. 1040 (1998); *Johns v.*

---

[3]Section 1654 reads as follows:
"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to mandate and conduct causes therein."

*County of San Diego*, 114 F.3d 874 (9th Cir. 1997); *Osei-Friyie v. Medical College,* 937 F.2d 876, 882-83 (3rd Cir. 1991)*; Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61-62 (2nd Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)(*per curiam*). There is no dispute that the plaintiff is able to represent himself with regard to his own federal civil rights claim in this court, nor is their any dispute, assuming the plaintiff is the proper representative of the child, that the plaintiff can sue on behalf of his minor children for civil rights violations. At issue is not who can sue, but rather if the plaintiff, a non-attorney, can act as a lawyer for other parties in this Court. Based on a thorough review of the jurisprudence on this issue, the undersigned determines he can not. Other counsel must represent these individuals in any alleged civil rights violations.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**IT IS ALSO RECOMMENDED** that plaintiff's request for appointment of counsel should be denied at the present time.

**IT IS FINALLY RECOMMENDED** that the claims brought by plaintiff on behalf of any other party be dismissed.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed in Chambers in Lake Charles, Louisiana, this  20th  day of  January , 2010.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE